IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS H. BIRENBAUM,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-575-L** |
| | § | |
| **BANK OF AMERICA,** | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellant Dennis H. Birenbaum's appeal of the bankruptcy court's August 26, 2014 Order Granting the Defendant's Motion for Final Summary Judgment and February 17, 2016 Amended Final Judgment in favor of Appellee Bank of America ("BOA"). After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the bankruptcy court's August 26, 2014 Order Granting the Defendant's Motion for Final Summary Judgment (App. 10-15) and February 17, 2016 Amended Final Judgment (App. 4-8), and **dismisses with prejudice** this appeal.

### I.     Factual and Procedural Background

This appeal arises from the bankruptcy court's entry of a final amended judgment on February 17, 2016, against Chapter 7 bankruptcy debtor Dennis H. Birenbaum ("Appellant" or "Birenbaum"), in Adversary Case No. 13-03129-HDH.   Birenbaum initiated the underlying adversary case against BOA seeking a declaratory judgment regarding the validity of the lien held by BOA on property located at 9410 Alva Court, Dallas, Texas 75220 (the "Property") to secure a Note in the amount of $4,297,591.64 pursuant to a Deed of Trust signed by Birenbaum and his wife

Brenda Birenbaum on August 23, 2005. In his Complaint, dated June 5, 2013, Appellant asserts that

the lien on the Property is "invalid and unenforceable under the Texas Constitution[*] and other

applicable laws" because:

> the Note signed and made by Plaintiff is not the "note" described or identified in the
> Deed of Trust as evidencing the secured indebtedness. Defendant does not possess
> and is not the holder of the "note" described and identified in the Deed of Trust and
> therefore Defendant does not possess any lien on the Subject Property as security for
> the Note. The debt identified in the Deed of Trust as the "secured indebtedness" is
> different than the debt evidenced by the Note. There is no "secured indebtedness"
> because the "Note" and "Loan" described and defined in the Deed of Trust do not
> exist.

> [] The Deed of Trust states on Page 3 that "This Security Instrument secures
> to Lender (i) the repayment of the Loan, and all renewals, extensions, and
> modifications of the Note, and (ii) the performance of Borrower's covenants and
> agreements under this Security Instrument and the Note." The term "Loan" is defined
> in Subsection (G), Page 2 as "the debt evidenced by the Note, plus interest, any
> prepayment charges and late charges due under the Note, and all sums due under this
> Security Instrument plus interest." The term "Borrower" is defined on Page 1,
> Subsection (B) of the Deed of Trust as "Dennis H. Birenbaum and Brenda
> Birenbaum" (Emphasis Added). Thus, the terms "Note" and "Loan" both refer to a
> promissory note jointly made by both Dennis H. Birenbaum and Brenda Birenbaum,
> who are the parties identified as the "borrower" obligated to Defendant within the
> defined term "Borrower" in the Deed of Trust. However, there is no promissory note
> jointly made by both Dennis H. Birenbaum and Brenda Birenbaum and therefore, by
> the express and specific terms of the Deed of Trust drafted and prepared by
> Defendant, the Note made and signed only by Dennis H. Birenbaum is not the "note"
> identified in the Deed of Trust as evidencing the secured indebtedness. Consequently,
> the Deed of Trust does not grant or create any lien on the Subject Property and is
> invalid and unenforceable under long-standing Texas law. *Waites v Osborne*, 2
> S.W.665, 667 (Tex. 1886) (holding that real property could not be liable for payment
> of any debt other than those specifically recited in deed containing vendor's lien).

Compl. ¶¶ 10-12 (App. 70-71) (emphasis in original).

---

[*] Although Birenbaum references the Texas Constitution in his Complaint, he did not make any constitutional arguments in response to BOA's summary judgment motion in the bankruptcy proceeding and does not assert any on appeal. Thus, any arguments in this regard are waived.

BOA filed a counterclaim in the adversary proceeding seeking to judicially foreclose on the Property and other relief. On April 2, 2014, BOA moved for summary judgment, contending that it possessed a valid lien on the Property. BOA asserted that the addition of Birenbaum's wife as a "Borrower" in the Deed of Trust did not render the lien on the Property defective under Texas law. BOA, therefore, argued that it was entitled to foreclose on the lien, which was in default. The bankruptcy court agreed, granted the summary judgment motion, and entered judgment in favor of BOA. On appeal, Birenbaum raises the following issues:

> 1. Did the Deed of Trust executed by Appellant grant Bank of America, NA a lien on Appellant's residence located at 9410 Alva Court, Dallas, Dallas County, Texas ("Homestead Property") when the secured indebtedness (as specifically and expressly defined in the Deed of Trust) differs from the indebtedness actually held by the beneficiary of the Deed of Trust?
>
> 2. Did the Bankruptcy Court err by disregarding and failing to apply long-standing Texas authorities such as *Waites v Osborne*, 2 S.W. 665 (Tex. 1886), *Bank of Woodson v Hibbitts*, 626 S.W.2d 133 (Tex. App. – Eastland 1981) ref'd n.r.e., and *Kimberly Development Corp. v First State Bank of Greens Bayou*, 404 S.W.2d 631 (Tex. App. – Houston 1966) ref'd n.r.e. in deciding the issues presented by Appellant?
>
> 3. Did the Bankruptcy Court err by finding and concluding that "[T]he Parties do not dispute that the Debtor obtained a loan secured by the Property" when that was the primary issue involved in the Adversary Proceeding and there was no summary judgment evidence supporting such finding or conclusion?

Appellant's Br. 2.

## II.     Standard of Review

In a bankruptcy appeal, the district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). A bankruptcy court's findings of fact are "clearly erroneous" only if, "on the entire evidence, the court

is left with the definite and firm conviction that a mistake has been committed." *In re Duncan*, 562 F.3d 688, 694 (5th Cir. 2009) (quoting *In re Dennis*, 330 F.3d at 701)).

## III.    Analysis

Boiled down to its essence, Birenbaum's argument to the bankruptcy court and this court is that the Note held by BOA is not the "Note identified in the Deed of Trust" because the Note held by BOA was not signed by his former wife Brenda Birenbaum. Birenbaum contends that, under Texas law, the lien granted under a deed of trust is contractual in nature and arises from the parties' contract, not by operation of law. Birenbaum asserts that the Deed of Trust or contract at issue in this case "identifies an entirely different promissory note (i.e. a note made by both Birenbaum and his ex-wife, Brenda Birenbaum) than that held by Bank of America (i.e. a note made only by Birenbaum as the sole and only maker)." Appellant's Br. 9.   Based on *Waites v Osborne*, 2 S.W. 665 (Tex. 1886), Birenbaum contends that only the debt specifically recited in a deed of trust can support a lien. Birenbaum acknowledges that Texas law applies but contends, based on Texas and North Carolina authority, that inconsistencies in a note and deed of trust regarding the description of the secured indebtedness, the parties, or even a trustee's name will make a deed of trust on a note unenforceable. Birenbaum contends that, although the express language of the Deed of Trust in this case identifies the Note signed by him and Brenda Birenbaum as the secured indebtedness, BOA is attempting impermissibly to enforce the Deed of Trust on account of a promissory note that is signed only by him.   Because the Note is only signed by him, Birenbaum contends that BOA does not possess a valid lien on the Property to secure the Note.

The Deed of Trust signed by Birenbaum and Brenda Birenbaum states that it is governed by federal law and the law of the jurisdiction in which the Property is located.   As the Property is

located in Texas, the court concludes that any interpretation of the document is governed by Texas law. "The interpretation of a contract—including whether the contract is ambiguous—is a question of law." *McLane Foodservice, Inc. v. Table Rock Rests., L.L.C.*, 736 F.3d 375, 377 (5th Cir. 2013); *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). A court's primary concern in interpreting a contract under Texas law is to ascertain the parties' intent. *National Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). Texas courts avoid unreasonable constructions and "construe contracts from a utilitarian standpoint, bearing in mind the particular business activity." *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005). "The language in an agreement is to be given its plain grammatical meaning unless to do so would defeat the parties' intent." *DeWitt Cty. Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 101 (Tex. 1999). If a contract "is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Coker*, 650 S.W.2d at 393. If, on the other hand, the contract language is "susceptible to two or more reasonable interpretations," an ambiguity exists. *Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004). Disagreement by the parties, however, over the meaning of an unambiguous contract does not turn an otherwise unambiguous contract into one that is ambiguous. *McLane Foodservice, Inc.*, 736 F.3d at 378 ("Ambiguity does not arise because of a 'simple lack of clarity,' or because the parties proffer different interpretations of the contract.").

It is undisputed that the Deed of Trust was signed by both Birenbaum and his former wife, whereas the Note was only signed by Birenbaum; however, that the Note was not signed by both Birenbaum and his then wife is of no moment given the express language in the Deed of Trust. As

BOA correctly pointed out in its summary judgment brief and on appeal, the Deed of Trust states as follows regarding co-signers like Brenda Birenbaum:

> **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligation and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the note (a "co-signor"): (a) is co-signing this Security Instrument only to mortgage, grant, and convey the co-signor's interest in the Property under the terms of this Security Instrument; (b) is not personally liable to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear, or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Appellee's Br. 4-5 (quoting App. 112); *see also* App. 78-79, 165. This provision in the Deed of Trust contemplates and applies to the precise situation presented in this case when one party to a note, here Brenda Birenbaum, signs a deed or trust but not the corresponding promissory note. Thus, the court agrees with BOA that, while Brenda Birenbaum did not personally obligate herself on the Note, she agreed to collateralize her interest in the Property for the purposes of a lien on the Property by signing the Deed of Trust.

Moreover, the Note and Deed of Trust are both dated August 23, 2005; both pertain to a loan in the amount of $4,297,591.64; and both refer to the Property located at 9410 Alva Court, Dallas, Texas, 75220. Accordingly, for these reasons and the reasons set forth in the bankruptcy court's order granting BOA's summary judgment motion, the court concludes that BOA's lien on the Property is valid and enforceable, and Birenbaum's contentions to the contrary are without merit. Thus, the bankruptcy court's entry of judgment in favor of BOA was proper. Resolution of this issue resolves or moots all issues raised in this appeal.

## IV.    Conclusion

For the reasons stated, the court **affirms** the bankruptcy court's August 26, 2014 Order

Granting the Defendant's Motion for Final Summary Judgment (App. 10-15) and February 17, 2016

Amended Final Judgment (App. 4-8) in favor of BOA, and **dismisses with prejudice** this appeal.

The clerk of court is directed to prepare, sign, and enter judgment in accordance with this

Memorandum Opinion and Order pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy

Procedure.

**It is so ordered** this 21st day of March, 2017.

Sam A. Lindsay
United States District Judge